UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE AND MARY SMITH                         CIVIL ACTION

VERSUS                                        NO: 09-1836

ALLSTATE INSURANCE COMPANY                    SECTION: R(1)

**ORDER AND REASONS**

Before the Court is defendant Allstate Insurance Company's motion for summary judgment.[1] For the following reasons, Allstate's motion is GRANTED.

I.  **BACKGROUND**

Plaintiffs Jesse and Mary Smith own property in New Orleans, Louisiana insured by an Allstate Write-Your-Own (WYO) flood insurance policy pursuant to the National Flood Insurance Program (NFIP). The policy insures building damage up to $91,400 and

---

[1] (R. Doc. 20.)

contents up to $10,000.[2]  The Smiths filed a claim for flood insurance after Hurricane Katrina damaged their property.[3]  Allstate has submitted an affidavit stating that it paid the Smiths $51,769.95 on their contents claim and $10,000 on their building damages claim after reviewing an independent adjustment.[4]  The Smiths do not contest that they were paid these amounts.  Allstate's affidavit further asserts that the Smiths did not submit a signed and sworn proof of loss with respect to any amounts allegedly owed under their flood policy before filing this action.[5]  The Smiths have not opposed Allstate's motion for summary judgment.

## II.  STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[6]

---

[2] (R. 20, Raske Aff. ¶ 9.)

[3] (*Id.* ¶ 10.)

[4] (*Id.* ¶ 14.)

[5] (*Id.* ¶ 16.)

[6] Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d

When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[7] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[8]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[9] The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving

---

1069, 1075 (5th Cir. 1994).

[7] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

[8] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[9] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

3

party."[10]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[11] The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists.[12] The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial.[13]

**III. DISCUSSION**

The NFIP was established by the National Flood Insurance Act (NFIA)[14] and is administered through the Federal Emergency

---

[10] *Id.* at 1265.

[11] *Celotex*, 477 U.S. at 325.

[12] *Id.* at 324.

[13] *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075; *Isquith for and on Behalf of Isquith v. Middle South Utils., Inc.*, 847 F.2d 186, 198 (5th Cir. 1988), *cert. denied*, 488 U.S. 926 (1988).

[14] 42 U.S.C. §§ 4001, *et seq.* (2006).

Management Agency (FEMA).[15]  FEMA sets the terms and conditions of all federal flood insurance policies, and these policies must be issued in the form of a Standard Flood Insurance Policy (SFIP).[16]

Although a SFIP may be issued by a WYO insurance provider directly to consumers, "[p]ayments on SFIP claims come ultimately from the federal treasury."[17]  Because the federal treasury is implicated in the payment of flood claims, the provisions of an SFIP must be strictly construed and enforced.[18]  SFIP provisions cannot "be altered, varied, or waived other than by the express written consent of the [Federal Insurance] Administrator."[19]  Thus, an insured may not file a lawsuit against his WYO insurer "unless [he has] complied with all the requirements of the [SFIP]."[20]  The SFIP provides that a signed and sworn proof of loss including specific information must be submitted within 60

---

[15]  *Wright v. Allstate Ins. Co.*, 415 F.3d 384, 386 (5th Cir. 2005).

[16]  *Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

[17]  *Wright*, 415 F.3d at 386.

[18]  *Id.* at 387; *Gowland*, 143 F.3d at 954.

[19]  44 C.F.R. § 61.13(d); *Gowland*, 143 F.3d at 953.

[20]  44 C.F.R. pt. 61, app. A(1), art. VII(R).

days of a loss.[21]  FEMA has extended this requirement with respect to Katrina claims to one year.[22]  The Fifth Circuit holds that a "failure to provide a complete proof of loss statement in accordance with the policy requirements will excuse the federal insurer's obligation to pay on an otherwise valid claim of loss."[23]

The Smiths allege that their property was damaged during Hurricane Katrina in August 2005, and they had one year to file a proper proof of loss.  This is true even though Allstate adjusted the Smiths' claim and issued payments without a proof of loss.[24]  The Smiths have not created an issue of fact that they filed a proper proof of loss, and therefore the Smiths are barred from bringing this lawsuit seeking additional benefits under their

---

[21]    44 C.F.R. pt. 62, app. A(1), art. VII(J)(4).

[22]    *Marseilles Homeowners Condominium Assoc., Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1057 (5th Cir. 2008); *Richardson v. Am. Bankers Ins. Co.*, 279 F. App'x 295, 298-99 (5th Cir. 2008) (*per curiam*).

[23]    *Durkin v. State Farm Mut. Ins. Co.*, 3 F. Supp. 2d 724, 727-28 (E.D. La. 1997) (citing authorities); *Gowland*, 143 F.3d at 953;; *Marseilles*, 542 F.3d at 1055-56; *Richardson*, 279 F. App'x at 298; *Wientjes v. Am. Bankers Ins. Co. of Fla.*, 339 F. App'x 483, 484-85 (5th Cir. 2009).

[24]    *Marseilles*, 542 F.3d at 1055.

SFIP policy.[25] Furthermore, the Smiths' extracontractual state law claims are legally barred because "federal law governs disputes that arise from insurance policies issued under the NFIA" and preempts remedies not permitted under the federal flood insurance scheme.[26]

IV. **CONCLUSION**

For the reasons stated, Allstate's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this 5th day of May, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[25] *See* 44 C.F.R. § 61, app. (A)(1), art. VII(R) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy.").

[26] *Wright*, 415 F.3d at 386 (holding that "state law tort claims arising from claims handling by a WYO are preempted by federal law"); *Dwyer v. Fid. Nat. Prop. & Cas. Ins. Co.*, 565 F.3d 284, 289 (5th Cir. 2009) (holding that WYO not liable for attorneys' fees under Equal Access to Justice Act); *Newton v. Capital Assurance Co., Inc.*, 245 F.3d 1306, 1309-10 (11th Cir. 2001) (holding that "no-interest rule prohibits awards of prejudgment interest against WYO companies").

7